IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEVEN WAYNE QUICK | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv581 |
| OFFICE OF THE EXECUTIVE DIRECTOR, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Steven Wayne Quick, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against the Office of the Executive Director and the Texas Department of Criminal Justice, Correctional Institutions Division.[1]

Discussion

Plaintiff complains that corruption exists within the prison system. Plaintiff claims anyone reporting the corruption to authorities or media are either relieved of their duty if they are an employee or they are retaliated against if they are an inmate. Plaintiff alleges he was retaliated against in the form of an attempt on his life and the theft of his signature. Plaintiff claims the alleged retaliation caused him to dismiss a lawsuit against the agency. Plaintiff also complains of staff training and the general conditions of his confinement.

Analysis

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints and proceeding on an *in forma pauperis* basis. Section 1915(g) provides as follows:

---

[1] This case was directly assigned to the undersigned magistrate judge pursuant to this district's General Order 14-10. Plaintiff has provided voluntary written consent to have the assigned United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment in accordance with 28 U.S.C. § 636(c). The defendants in this action have not been served; thus, they are not parties to the action at this time. As a result, their consent is not needed for the undersigned to make a final determination in this matter. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least six of plaintiff's prior suits or appeals have been dismissed as frivolous or for failure to state a claim.² As a result, Section 1915(g) is applicable.

As set forth above, plaintiff has had at least six prior lawsuits or appeals dismissed as frivolous, malicious, and for failure to state a claim upon which relief may be granted. Plaintiff's allegations are conclusory and factually insufficient to demonstrate he was in imminent danger of serious physical injury at the time he filed his complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Accordingly, section 1915(g) therefore bars plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

## Order

For the reasons set forth above, plaintiff's complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). A final judgment will be entered in this case in accordance with this order.

SIGNED this 17th day of September, 2015.

_____
Zack Hawthorn
United States Magistrate Judge

---

² *See Quick v. Holder*, Civil Action No. 6:90cv235 (E.D. Tex. Sept. 12, 1990) (dismissed as frivolous); *Quick v. Beacum*, Civil Action No. 3:05cv1130 (N.D. Tex. Sept. 26, 2005) (dismissed as frivolous); *Quick v. Spangler*, Civil Action No. 3:05cv1149 (N.D. Tex. Dec. 1, 2005) (dismissed as frivolous); *Quick v. Asst. Dist. Atty.*, Civil Action No. 3:05cv1620 (N.D. Tex. Dec. 16, 2005) (dismissed as frivolous and for seeking monetary relief against a defendant who is immune from such relief), *Quick v. Neel*, Civil Action No. 3:05cv2187 (N.D. Tex. Mar. 27, 2006), and *Quick v. Rosenberry*, Civil Action No. 3:05cv2188 (N.D. Tex. Mar. 15, 2006).